IN RE ADOPTION OF MCDERMITT.

[Cite as In re Adoption of McDermitt (1980),
63 Ohio St. 2d 301.]

(No. 79-1056—Decided July 31, 1980.)

302

*Messrs. Kemp, Schaeffer & Rowe* and *Mr. Steven D. Rowe,* for appellee.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAlister, Mr. John D. Holschuh* and *Mr. Brian L. Buzby,* for appellant.

*Per Curiam.*

## I.

In his first proposition of law, appellant asserts that in the phrase, "communicate with the minor child *or* to provide maintenance and support of the minor," in R. C. 3107.07(A), the "or" must be read and applied as an "and." We do not agree.

R. C. 3107.07 reads as follows:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner, whichever occurs first."

Appellant relies primarily on R. C. 1.02(F) for his assertion.

R. C. 1.02(F) reads as follows:

" 'And' may be read 'or,' and 'or' may be read 'and' if the sense requires it."

This court, in *In re Estate of Marrs* (1952), 158 Ohio St. 95, discussed the interchangeability of "or" and "and" in a statute and, at page 99, stated:

"However, an examination of the authorities shows that under certain conditions the word, 'or,' in a legislative enactment can be construed to read 'and,' and that the word, 'and,' can likewise be construed to read 'or.' The word, 'and,' or, 'or,' will not be given its literal meaning where such meaning would do violence to the evident intent and purpose of the lawmakers and the other meaning would give effect to such intent. Contrariwise, the words should not be treated as interchangeable when their accurate and literal meaning does not render the sense dubious, and the fact that the terms of the legislative enactment when given their literal meaning may prove onerous in some instances is not sufficient to warrant a court in arbitrarily changing plain and unambiguous language employed by the legislative body in the enactment."

We find that the phrase in question is unambiguous and that the sense of this particular phrase does not require that "or" be read as "and."

Furthermore, it is noted that R. C. 3107.07(A) was patterned upon Section 6(a)(2) of the Uniform Adoption Act.* Other states which have adopted similar legislation have, in essence, determined that the "or" in the phrase in question should not be read as an "and." Appellant is incorrect in his assertion that there is a dual requirement to show a natural father's failure to support the minor child and to communicate with the minor child. See *In re Adoption of Eddy* (Okla. 1971), 487 P. 2d 1362, and *In re Adoption of Greer* (Okla. 1969), 463 P. 2d 677.

Therefore, appellant's first proposition of law is overruled.

## II.

In his second proposition of law, appellant, in essence,

---

* 9 Uniform Laws Annot. 17, 26, Uniform Adoption Act, Section 6, reads, in pertinent part, as follows:

"(a) Consent to adoption is not required of:

"* * *

"(2) a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree."

asserts that the phrase, "as required by law or judicial decree," in R. C. 3107.07(A) requires that the court find that appellant has failed without justifiable cause to provide for the maintenance or support of the minor child as required *only* by the judicial decree and not by law.

More narrowly, appellant states that his obligations of support of his minor son are exclusively set forth in the judicial decree and that he has fulfilled the obligations set forth in the decree. We disagree.

Initially, it is noted that appellant, as a parent of a minor, has the common-law duty of support as well as a duty of support decreed by court. The judicial decree of support simply incorporates the common-law duty of support.

Appellant even admitted that he had a continuing duty to support his minor child and that he had failed to pay any support for one year immediately preceding the filing of the adoption petition, in derogation of R. C. 3107.07(A).

Therefore, since appellant has admitted his failure to support, appellant's second proposition of law is overruled.

### III.

Appellant, in his third proposition of law, contends that, even if he has failed to support or communicate with the minor child, the court must find that appellant did so "without justifiable cause."

Appellant asserts that, prior to the enactment of R. C. 3107.07(A), the former statute in this area of concern, R. C. 3107.06(B)(4), provided that a child could be adopted without the parents' consent where the parents had "willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition." Appellant claims that the new standard of "without justifiable cause" enunciated in R. C. 3107.07(A) has never been interpreted by this court and that the lower courts improperly used the old standard of "willfully failed to support" in their determinations.

As stated previously herein, R. C. 3107.07(A) is patterned upon the Uniform Adoption Act, which sets forth the standard of "without justifiable cause." The two standards, "willfully failed to support" and "without justifiable cause," are similar in that it is a question of fact to be determined by the Probate

Court. Other states, such as New Mexico, North Dakota, Oklahoma and Montana, which have adopted statutes similar to R. C. 3107.07(A), do not disturb the determination of the trial court on appeal unless it is clearly against the weight of the evidence. See *DeGolyer* v. *Chesney* (Okla. 1974), 527 P. 2d 844, and *In re Adoption of Greer, supra.*

The determination of the Probate Court was that there was no justifiable excuse for appellant's failure to support his minor son for one year immediately preceding filing of the adoption petition. The record is replete with the fact that appellant was financially able to make support payments, but yet he failed to do so. Therefore, we will not disturb the determination of the Probate Court.

Even under the standard, "willfully failed to support," a parent was found to have "willfully failed" to support when such parent knew of the duty and was able to support but voluntarily failed to do so. *In re Adoption of Lewis* (1966), 8 Ohio St. 2d 25.

Therefore, we find appellant's third proposition of law without merit.

## IV.

In his fourth proposition of law, appellant contends, in essence, that his failure to provide his son with any support for one year prior to the filing of the adoption petition by appellee was justifiably caused by his total and yet temporary custodial care of his daughter, Kelli. Appellant claims that the Kentucky divorce decree was altered by his permitting Kelli to live with him, thereby, justifying his failure to support his son, Eddie.

We hold that appellant's temporary custodial care for his daughter, Kelli, does not absolve him of his duty to support his son, Eddie. Appellant had the burden to seek relief from his judicially created responsibilities if he felt a justifiable cause for non-support.

Appellant has admitted that there was no formal change in the divorce decree, and yet he still failed to support his son. Appellant was not coerced or caused to fail in his duty to support his son.

Therefore, we find that appellant's fourth proposition of law is, also, without merit.

## V.

Appellant, in his fifth proposition of law, asserts an issue not raised or addressed in the lower courts.

It is rudimentary that questions neither raised nor passed upon by the lower courts will not be ruled upon by this court. *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47; *Village of Clarington* v. *Althar* (1930), 122 Ohio St. 608; and *Hoffman* v. *Staley* (1915), 92 Ohio St. 505.

Therefore, appellant's fifth proposition of law is overruled.

## VI.

In his sixth proposition of law, appellant contends that an Ohio Probate Court in an adoption proceeding does not have the jurisdiction to modify and vacate an order of a court of competent jurisdiction of another state.

In essence, appellant claims that the lower courts violated Section 1 of Article IV of the United States Constitution by failing to give full faith and credit to the Kentucky divorce decree.

It is undisputed that custody and support awards of a sister state are entitled to full faith and credit in Ohio and that the Kentucky divorce court had continuing jurisdiction to modify its award of custody and support.

The General Assembly has vested the Probate Court with exclusive jurisdiction over adoption proceedings. This court, in *State, ex rel. Portage County Welfare Dept.,* v. *Summers* (1974), 38 Ohio St. 2d 144, stated, in the second paragraph of the syllabus:

"Original and exclusive jurisdiction over adoption proceedings is vested specifically in the Probate Court pursuant to R. C. Chapter 3107."

R. C. 3107.04(A) governs where an adoption petition is to be filed. It states:

"A petition for adoption shall be filed in the court in the county in which the person to be adopted was born, or in which, at the time of filing the petition, the petitioner or the person to be adopted or parent of the person to be adopted resides, or in which the petitioner is stationed in military ser-

vice, or in which the agency having the permanent custody of the person to be adopted is located."

Appellee has complied with all the statutory requirements concerning jurisdiction of the adoption.

The custody of a minor is within the continuing jurisdiction of a divorce court, but a Probate Court nevertheless can obtain jurisdiction over adoption proceedings. Subsequent to the granting of an interlocutory order or a final decree of adoption, the jurisdiction of the court which granted the divorce is terminated. *In re Adoption of Biddle* (1958), 168 Ohio St. 209.

The divorce and adoption proceedings in the *Biddle* case involved Ohio courts, but the principle of law espoused is applicable herein.

The granting of the adoption terminates the previous parent-child relationship. Thereafter, the appellant would not be under any obligation to support his son. Therefore, we hold that there is no violation of Section 1 of Article IV of the United States Constitution.

Therefore, appellant's sixth proposition of law is rejected.

## VII.

In his seventh proposition of law, appellant asserts that only nine and one-half months have elapsed since the effective date of R. C. 3107.07(A) rather than twelve months prior to the filing of the adoption petition, and, therefore, the statute was improperly applied retroactively in this cause. We do not agree.

R. C. 3107.07(A) does not impose any new duty nor does it remove any vested right. Appellant had the duty to support his minor child, not only for certain statutory periods, but also from the date of his child's birth.

In addition to the foregoing, the General Assembly qualified the one-year period with the words, "at least." The qualifying words of "at least" before the time standard of "one year immediately preceding the filing of the adoption petition" obviously indicate the General Assembly's intent to empower the Probate Court with a flexible time standard.

Therefore, appellant's seventh proposition of law is, also, overruled.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

P. BROWN, J., dissents.