[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is taken by petitioner-appellant Teresa Thiel ("Teresa") from a judgment of the Common Pleas Court of Hardin County, Probate Division, denying her petition to adopt Bailey Marie Thiel ("Bailey").
On December 9, 1992, Bailey was born to respondent-appellee Tanja Hemmerly ("Tanja") and Chris Thiel ("Chris"). On October 26, 1995, the Court of Common Pleas of Hardin County, Juvenile Division, granted custody of Bailey to Chris. Tanja and her mother, Sue, were granted visitation with Bailey. The trial court determined that no child support would be exchanged between the parties, except for arrearages owed by Chris to Tanja.
On June 8, 1998, Teresa, who is married to Chris, filed a petition to adopt Bailey with the consent of Chris. Teresa claimed that Tanja's consent was not needed because she had failed to provide support for Bailey for one year prior to the petition. On September 30, 1998, a hearing was held and the parties stipulated to the following facts:
 Tanja had paid no support for the year prior to the filing of the petition. Tanja had sent cards and gifts to the child through the maternal grandparents.
 The court ordered child support obligation was zero and that order had not been modified.
 Neither CSEA nor Chris had ever pursued a modification of that order.
 On October 23, 1998, the trial court found that Tanja had met her child support obligation set forth by court order and thus her consent was needed for the adoption. Since Tanja did not consent to the adoption, the petition was dismissed.
Teresa claims the following assignment of error.
 The trial court erred in dismissing Teresa's petition for adoption on the basis that the consent of Tanja was necessary.
R.C. 3107.07 states as follows:
 Consent to adoption is not required of any of the following:
 A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
The consent provisions of R.C. 3107.07(A) are to be strictly construed to protect the interests of the nonconsenting parent.In re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127,585 N.E.2d 418.
In this case, Teresa claims that Tanja failed to support Bailey and showed no justifiable cause for that failure. Tanja does not deny that she has not provided support. However, the October 26, 1995, court order states that no child support is due from Tanja. Thus, Tanja has provided the support required by judicial decree and has justifiable cause for failing to provide child support.
When a couple separates and the courts are asked to determine custody of a child, the parents' obligation to support a child is ruled by the domestic relations child support statute. Meyer v.Meyer (1985), 17 Ohio St.3d 222, 478 N.E.2d 806. Where a domestic relations court has reviewed the facts and determined that no support is due from one of the parents, that is an applicable judicial order for the purposes of R.C. 3107.07 until it is modified. In re Adoption of Tiffany Ann Jarvis (Dec. 11, 1996), Summit App. No. A-93-10-06, unreported.
Teresa argues that the trial court should have followed the reasoning of the Ohio Supreme Court in In re McDermitt (1980),63 Ohio St.2d 301, 408 N.E.2d 680. In McDermitt, the father was ordered to pay child support, but was consistently in arrears. The year prior to the petition for adoption, the father did not pay any support, despite a court order to do so. The Court stated that the common-law duty of support was incorporated into the judicial decree of support. Id. at 305, 408 N.E.2d at 684. Thus, the Court found that since the father admitted not making any payments and the evidence revealed that he was financially able to do so, his consent was not necessary under R.C. 3107.07.
The case before us is easily distinguished from McDermitt. In McDermitt, the father failed to provide any support for one year, which violated the court order of support. Here, Tanja did not provide the support, but she did not violate the court's order by doing so. Since she fulfilled her obligations under the judicial decree, the trial court did not err by finding her consent necessary for the adoption. The assignment of error is overruled.
The judgment of the Court of Common Pleas of Hardin County, Probate Division, is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.