This is an appeal from a judgment entered by the Adams County Court Small Claims Division awarding Bob Malcom Chrysler-Plymouth Dodge, plaintiff below and appellee herein, $2607.44 plus court costs. Rosa Grooms, defendant below and appellant herein, assigns the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
 "NO PRIOR WRITTEN ESTIMATE WAS GIVEN NOR SIGNED BY APPELLANT." (SIC)
SECOND ASSIGNMENT OF ERROR:
 "CHARGED FOR RENTAL CAR RATHER THAN BEING PROVIDED A FREE LOANER CAR AS ADVERTISED." (SIC)
THIRD ASSIGNMENT OF ERROR:
 "ENGINE TORN APART AND THEN DECISION MADE TO REPLACE ENGINE." (SIC)
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT ADDRESSING POOR REPAIR JUDGMENT BY ASSISTANT SERVICE MANAGER. TRIAL COURT ALSO NEGLECTED TO CONSIDER APPELLANT'S REQUEST TO MAKE PAYMENTS ON ADJUSTED CHARGES." (SIC)
On January 9, 1999, appellee filed a complaint asserting that appellant owed appellee "$2607.44 on an account." Appellee attached to the complaint photocopies of a truck repair bill and a vehicle rental agreement. On March 15, 1999, the trial court conducted a hearing to consider appellee's complaint.
The evidence adduced at the hearing revealed that appellant had incurred a repair bill for a replacement engine for her Dodge pick-up truck. Appellant also owed appellee money for car rental fees. We note that appellant's cross-examination of appellee's witness and appellant's own testimony, however, focused mainly upon her manner of payment for the repairs. During her testimony, appellant also acknowledged that she gave appellee the authority to replace the vehicle's engine.
After hearing the evidence and the parties' arguments, the trial court entered judgment in appellee's favor. The trial court's March 18, 1999 judgment entry provides:
 "Judgment in favor of plaintiff Malcom Chrysler-Plymouth Dodge Inc. against defendant Rosa Grooms for $2607.44 plus costs of $35.00.
 The Court finds there is, or was, no dispute over the amount owed plaintiff from defendant but only a dispute over the terms and conditions of payment. Since there is no dispute over the amount owed and the parties had no mutuality of understanding on the terms of payment, the Court must find in favor of the plaintiff."
Appellant filed a timely notice of appeal.
In her appellate brief, appellant sets forth argument with respect to her four assignments of error. Appellee notes in its brief that appellant did not, during the trial court proceeding, raise the issues contained in her four assignments of error. We agree with appellee.
Our review of the trial court proceeding reveals that appellant failed to sufficiently raise and argue the issues contained in her four assignments of error. Generally, a litigant's failure to raise an issue in the trial court and properly preserve the issue for appellate review waives that litigant's right to raise that issue on appeal. See Shover v. Cordis (1991),61 Ohio St.3d 213, 574 N.E.2d 457;In re McDermitt (1980), 63 Ohio St.2d 301,408 N.E.2d 680; Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 322 N.E.2d 629;Inscoe v. Inscoe (1997), 121 Ohio App.3d 396,700 N.E.2d 70, Conley v. Norfolk and Western Railway Co.
(June 7, 1999), Scioto App. No. 98CA2611, unreported.
Thus, based upon the foregoing reasons we find that appellant failed to properly preserve for appellate review the issues contained in her assignments of error. Accordingly, based upon the foregoing reasons we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court Small Claims Division to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.