OPINION
Appellant Manuel Ramos ("appellant") appeals the October 30, 2001 Final Decree of Adoption entered by the Muskingum County Court of Common Pleas, Probate Division, which granted the petition for adoption of Antony Lee Ramos filed by petitioner-appellee John L. Farrell ("petitioner").
 STATEMENT OF THE FACTS AND CASE
On August 31, 2001, petitioner filed a petition for adoption of a minor in the Muskingum County Court of Common Pleas, Probate Division, seeking to adopt Antony Lee Ramos (DOB 10/27/89). Appellant is Antony's biological father. Petitioner is Antony's stepfather. The trial court scheduled the matter for hearing on October 30, 2001. Father was served with a notice of the hearing. The notice stated the petition for adoption alleged appellant's consent was not required due to his failure, without justifiable cause, to communicate with Anthony for a period of at least one year immediately proceeding the filing of the adoption petition. Appellant filed a pro se answer on October 10, 2001. Prior to the hearing, ODHS filed a Pre-finalization Adoption Assessment Report.
The trial court bifurcated the hearing, first to determine whether appellant's consent was required for the adoption, and second, to determine if the adoption was in Anthony's best interest. The following evidence was adduced at the hearing.
Petitioner and Susan K. Farrell, Antony's biological mother, were married on June 10, 2000. Petitioner and Susan lived together for six months prior to their marriage. Antony has resided with petitioner and his mother since that time. Susan was previously married to appellant, but the couple divorced in 1994. After the divorce, Susan resided in Cleveland, Ohio, and appellant moved to the State of Florida. In 1995, Susan and Antony moved to Florida, residing with appellant until August or September, 1998. In November, 1998, Susan and Antony returned to Ohio and lived with Susan's mother in Muskingum County, Ohio. Appellant continues to reside in Florida and concedes he has not personally seen Antony since November, 1998.
Susan, petitioner, and Antony all testified appellant had made only one attempt to communicate with Antony in the year proceeding the filing of the petition for adoption. Appellant telephoned the Farrell residence in October, 2000, and asked to speak with Antony, however, Antony refused to speak with appellant.
Petitioner called Antony as his last witness. Before Antony commenced his testimony, appellant requested a continuance. The trial court denied the request, noting prior to the start of the hearing, it had explained the legal aspects of the hearing as well as the procedure, and the fact appellant had contacted an attorney prior to the hearing.
In opposition to the petition, appellant presented the testimony of his wife, Cheryl, his son, Manual Ramos, II, as well as his own testimony. Appellant testified prior to Susan's marriage to petitioner, he [appellant] spoke with Antony every week. Appellant added, following the marriage, he was not permitted to speak with Antony. Appellant stated he made numerous unsuccessful attempts to reach Antony by telephone, but was repeatedly told Antony was unavailable.
During her testimony, Cheryl corroborated appellant's statements he repeatedly attempted to call Antony, but was prevented from speaking with the boy. Cheryl noted this happened at least 10 to 15 times. Mrs. Ramos further testified in October, 2000, she began to make arrangements for Antony, his stepbrother, and stepsister to fly to Florida, however, Susan would not agree to the visit. Mrs. Ramos recalled mailing a birthday card and a check, as well as a Christmas card and a check from appellant to Antony. Antony testified he only received a check.
Thereafter, the trial court found petitioner had established appellant failed, without justifiable cause, to communicate with Antony for a period of at least one year immediately proceeding the filing of the adoption; therefore, appellant's consent was not required. The trial court immediately proceeded to the best interest portion of the hearing. Appellant advised the trial court of his desire to maintain a relationship with his son and remain the boy's father. The trial court spoke with Antony in chambers. After its conversation with Antony, the trial court found the adoption was in Antony's best interest, particularly in light of ODHS's home investigation. The trial court entered a Final Decree of Adoption on October 30, 2001.
It is from this entry appellant appeals, raising the following assignments of error:
 I. IN RENDERING A DECISION THAT PETITIONER ESTABLISHED THE NATURAL FATHER HAD FAILED, WITHOUT JUSTIFIABLE CAUSE, TO COMMUNICATE WITH THE MINOR CHILD FOR THE STATUTORY PERIOD REQUIRED IN O.R.C 3107.07[A], THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND DID NOT MEET THE "CLEAR AND CONVINCING" STANDARD OF PROOF REQUIRED IN TERMINATION OF PARENTAL RIGHTS. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 II. IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE THE TRIAL COURT ABUSED IT'S DISCRETION AND VIOLATED APPELLANT'S FEDERAL AND STATE DUE PROCESS RIGHTS.
 III. IN RULING THAT IN THE BEST INTEREST OF THE CHILD THE ADOPTION WAS GRANTED, THE TRIAL COURT ABUSED ITS DISCRETION WENT AGAINST THE "CLEAR AND CONVINCING" STANDARD OF PROOF REQUIRED WHEN PARENTAL RIGHTS MAY BE TERMINATED." [SIC] THE TRIAL COURT VIOLATED MR. RAMOS'S DUE PROCESS RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTIONS.
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In his first assignment of error, appellant takes issue with the trial court's determination his consent was not required based upon a finding appellant had failed, without justifiable cause, to communicate with Antony for a period of at least one year immediately proceeding the filing of the adoption petition.
R.C. 3107.07(A) provides:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
It is well settled under Ohio law, the party petitioning for adoption has the burden of proving, by clear and convincing evidence, the natural parent has failed to communicate with the child for the requisite one-year period and such failure was without justifiable cause.[1]
The question of whether justifiable cause has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence.[2]
"[E]ven if a parent has completely failed to communicate with his children during the prescribed period, his or her consent to adoption nevertheless may be required if there exists justifiable cause for the failure of communication."[3] "Typically, a parent has justifiable cause for non-communication if the adopting spouse has created substantial impediments to that communication."[4] "[S]ignificant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child."[5]
In the instant action, appellant and his witnesses described repeated attempts by appellant to contact Antony. Appellant asserted his attempts were thwarted by Susan's interference. Susan, however, testified she neither prevented nor discouraged Antony from communicating with appellant. Antony, likewise, testified his mother had never taken any action against his, or in any way discouraged him from, communicating with appellant. Antony acknowledged he had his father's telephone number. Petitioner, Susan, and Antony further testified appellant's only attempt to contact Antony in the year immediately proceeding the filing of the petition for adoption was in October, 2000, and such attempt was unsuccessful because Antony did not want to speak with appellant.
The trial court did not issue findings of fact or conclusions of law, and neither party requested such. In the absence thereof, the trial court was free to disbelieve the testimony of appellant, Cheryl Ramos and Manuel Ramos, II, appellant made repeated attempts to contact Antony, but Susan substantially interfered with those attempts. On the other hand, the trial court was free to believe the testimony of petitioner, Susan, and Antony relative to appellant's lack of communication with Antony. We find one unsuccessful attempt to communicate is insufficient to find appellant's failure to communicate to be justifiable, and the trial court properly determined appellant's consent was not required.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court abused its discretion and violated his due process rights by denying his request for a continuance of the hearing.
Prior to the commencement of the hearing, the trial court addressed appellant regarding the procedure of the hearing, what issues were to be determined, and appellant's prior discussions with counsel. Thereafter, appellant indicated to the trial court he had no questions, and petitioner began the presentation of his case. When petitioner called his final witness, Antony, the trial court asked appellant if he had concerns about Antony's ability to recall the truth and to tell the truth. Appellant responded, "No," but continued, "I prefer not to drag him through this. I prefer to stop it now, go to trial, and my lawyer will be present."[6]
The trial court refused appellant's request, noting appellant's opportunity to speak with an attorney prior to the hearing and appellant's knowledge of the determinations to be made by the trial court.
Because the trial court conducted a thorough dialogue with appellant prior to the commencement of the hearing, we find the trial court did not abuse its discretion in denying appellant's request for a continuance after the hearing had commenced.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant challenges the trial court's ruling it was in Antony's best interest to grant the adoption.
In a contested adoption case, R.C. 3107.161 sets forth the procedure by which a trial court must determine what is in the best interest of the child. R.C. 3107.161 provides:
 (A) As used in this section, "the least detrimental available alternative" means the alternative that would have the least long-term negative impact on the child.
 (B) When a court makes a determination in a contested adoption concerning the best interest of a child, the court shall consider all relevant factors including, but not limited to, all of the following:
 (1) The least detrimental available alternative for safeguarding the child's growth and development;
 (2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home;
 (3) The wishes of the child in any case in which the child's age and maturity makes this feasible;
 (4) The duration of the separation of the child from a parent;
 (5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements;
 (6) The likelihood of safe reunification with a parent within a reasonable period of time;
 (7) The importance of providing permanency, stability, and continuity of relationships for the child;
 (8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (9) The child's adjustment to the child's current home, school, and community;
 (10) The mental and physical health of all persons involved in the situation;
 (11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense
* * *
 (C) A person who contests an adoption has the burden of providing the court material evidence needed to determine what is in the best interest of the child and must establish that the child's current placement is not the least detrimental available alternative.
R.C. 3107.161(C) places the burden upon the party objecting to provide the trial court with evidence necessary for a determination of the best interest of the child.[7] What is in the best interest of the child is a legal determination which must be made by the trial court, after consideration of all the requisite factors as provided in R.C.3107.161.[8]
Upon review of the entire record in this matter, in particular ODHS's Pre-finalization Adoption Assessment Report, and in light of the aforementioned factors, we find the trial court did not abuse its discretion when it determined it was in Antony's best interest to grant the adoption. The evidence establishes Antony is doing well in his home with petitioner and Susan, and petitioner offers Antony a healthy family environment. On the other hand, appellant has had no communications with Antony for at least one year, has not seen Antony since November, 1998, and owes $34,000 in back child support.Appellant's third assignment of error is overruled.
The judgment of the Muskingum County Court of Common Pleas, Probate Division, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellant.
By: Hoffman, P.J., Wise, J., and Edwards, J. concurs.
[1] In Re: Adoption of Holcomb (1985), 18 Ohio St.3d 361, para. 4 of syllabus.
[2] In Re: Adoption of McDermitt (1980), 63 Ohio St.2d 301, 306.
[3] In Re: Adoption of Holcomb, supra at 367.
[4] Id.
[5] Id. at 367-368.
[6] Tr. at 41.
[7] In Re: Adoption of Congrove (Feb. 24, 1999), Lorain App. No. 98CA007065, unreported.
[8] Id.