DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a decision of the Lucas County Court of Common Pleas, Probate Division, that granted the petition for adoption filed by Wieslwa G., husband of the mother of minor children Randall G. and Ashley G. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Randall R., natural father of Randall and Ashley, sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in its determination as to what constitutes `a failure to communicate' under Ohio Revised Code Section 3107.07(A).
 {¶ 4} "II. The trial court erred in its determination as to what constitutes a `justifiable cause' for failure to `provide for the maintenance and support of a minor child' under Ohio Revised Code Section 3107.07(A).
 {¶ 5} "III. The appellant received ineffective assistance of counsel, as counsel's errors were so serious that the appellant did not receive the guarantee of Ohio Revised Code 2151.352.
 {¶ 6} "IV. The probate court erred when it improperly shifted the burden of proving, by clear and convincing evidence that there was no justifiable cause for Mr. [R.'s] failure to communicate and failure to support his children from the petitioner to Mr. [R.]."
 {¶ 7} The facts that are relevant to the issues raised on appeal are as follows. On October 10, 2001, Wieslwa G. filed petitions for the adoption of Randall and his sister, Ashley. Two separate petitions were filed in the trial court but the matters were handled identically by the court. The petitions alleged that appellant's consent was not required for the adoptions, because appellant had failed without justifiable cause to communicate with the children or provide for their maintenance and support for a period of at least one year immediately preceding the filing of the petitions. Appellant was sent notice of the hearing on the petition for adoption and the hearing was held on May 20, 2002. At the hearing, the parties stipulated to the fact that appellant had not had contact with the children or paid child support for a period of at least one year prior to the filing of the petition for adoption. By judgment entry filed September 5, 2002, the trial court found that appellant's consent was not required and the matter was set for further hearing on the issue of whether the adoptions were in the best interest of the children. On October 1, 2002, the trial court held a hearing to determine whether finalization of the adoption would be in the best interest of the children. By judgment entry filed October 2, 2002, the trial court found that the adoption was in the best interest of the children and ordered the adoption to proceed according to law.
 {¶ 8} Appellant appeals the judgment as to both children. By judgment entry filed November 5, 2002, this court consolidated the two appeals pursuant to App. R. 3(B).
 {¶ 9} As his first assignment of error, appellant asserts that the trial court erred in its determination as to what constitutes a failure to communicate. However, as noted above, appellant stipulated at the hearing on May 20, 2002, that he had not had any contact with the children within the one-year statutory period. This court notes that the parties stipulated to a lack of "contact" between father and children, while R.C. 3107.07(A) refers to a failure to "communicate." A review of the record indicates that the trial court and counsel used the terms "contact" and "communicate" interchangeably throughout the litigation of this case. Therefore, for purposes of the application of the statute to this case, we find the two terms to be interchangeable and conclude that, although the parties used the term "contact" in their stipulation, there was in fact a stipulation made as to failure to "communicate" pursuant to statute. Accordingly, based on the stipulation entered into by the parties, the issue of what constitutes communication was not before the trial court. The only issue before the trial court regarding appellant's lack of communication with the children was whether such failure was justifiable. This question, however, was not raised in assignment of error No. I but is, however addressed under assignment of error No. IV. Any further argument as to what constitutes a failure to communicate is therefore without merit and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 10} In his second assignment of error, appellant asserts that his failure to pay child support was justified because he has been unable to work due to a leg injury. Appellant asserts that he provided substantial testimony at the hearing as to his "medical injury" and how it has prevented him from working and paying support.
 {¶ 11} R.C. 3107.07(A) provides that consent to adoption is not required of the following:
 {¶ 12} "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 13} This court notes that the statute actually requires only that the trial court find that one of the two conditions existed for the one-year period prior to the petition being filed. As the trial court found that the failure to communicate was not justified and appellant has not challenged that on appeal, it is not necessary for this court to consider the issue of whether the failure to support was justified. Nevertheless, our examination of the record shows that appellant presented no evidence such as medical records justifying his failure to pay support and, accordingly, the trial court's finding was not against the weight of the evidence. Based on the foregoing, appellant's second assignment of error is not well-taken.
 {¶ 14} In his third assignment of error, appellant asserts that trial counsel was ineffective. He claims that trial counsel was ineffective for making the two stipulations as to failure to communicate and failure to provide support within the one-year statutory period and that counsel was deficient for failing to provide his medical records to the trial court.
 {¶ 15} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984),466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v.Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 16} In support of his first claim, appellant asserts that making the stipulations caused the trial court to improperly shift to him the burden of proof as to any justification for those failures. There is no evidence whatsoever that the trial court shifted the burden of proof to appellant on this issue, however, let alone that the stipulations caused the trial court to do so. This argument is without merit.
 {¶ 17} As to his second claim, appellant asserts that trial counsel should have provided his medical records to the court. We note, however, that appellant does not describe any records with specificity or claim that he did in fact provide those records to his attorney and that counsel failed to submit them to the court. He simply claims that he was prejudiced because the trial court did not have his medical records, and blames that on trial counsel. This argument is without merit.
 {¶ 18} Upon consideration of the foregoing, this court finds that
 {¶ 19} appellant has not shown that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Accordingly, we find that appellant did not receive ineffective assistance of counsel and his third assignment of error is not well-taken.
 {¶ 20} In his fourth assignment of error, appellant asserts that the trial court improperly shifted to him the burden of proving that there was no justifiable cause for his failure to communicate or provide support. Appellant asserts that this is contrary to the proper application of R.C. 3107.07(A) and the law as set forth in In Re Adoptionof Bovett (1987), 33 Ohio St.3d 102.
 {¶ 21} Appellant first argues that the statute is drafted so as to require the petitioner to establish the absence of justifiable cause for the failure to communicate and provide support. We find no such requirement in R.C. 3107.07(A), which states that consent of the natural parent is not required for adoption when "* * * the court finds * * * that the parent has failed without justifiable cause * * *" to communicate with the minor or provide support. The statute does not address the issue of burden of proof.
 {¶ 22} In Bovett, however, the Supreme Court of Ohio reemphasized its 1986 holding that the petitioner for adoption has the burden of proving, by clear and convincing evidence, that the natural parent's failure was without justifiable cause. Bovett at 103, citing In reAdoption of Masa (1986), 23 Ohio St.3d 163. Recognizing a need to clarify the law of Masa, however, Bovett restated its earlier decision as follows:
 {¶ 23} "`Lest one may think we are placing an unfair burden on the adopting parent, it should be pointed out that the adopting parent has nolegal duty to prove a negative. If the natural parent does not appear togo forward with any evidence of justification, obviously the adoptingparent has only the obligation of proving failure of support by therequisite standard.' (Emphasis added.) [Masa] at 167."
 {¶ 24} Bovett further clarified:
 {¶ 25} "Therefore, a natural parent may not simply remain mute
 {¶ 26} while the petitioner is forced to demonstrate why the parent's failure to provide support is unjustifiable. Rather, once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence is on the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." Bovett
at 104. [Emphasis in original.]
 {¶ 27} Clearly, then, the burden of proof remained on petitioner in this case. There is no evidence, that the trial court shifted that burden from petitioner onto appellant. This court has carefully reviewed the transcript of the May 2000 hearing on the issue of consent, as summarized above. We find that appellant did not present any medical records to support his claim and did not go forward with any other credible evidence that could be construed as justifying his failure to pay child support. Pursuant to Masa, supra, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." Masa, paragraph 2 of the syllabus, citing In re Adoption of McDermitt (1980),63 Ohio St.2d 301, 306.
 {¶ 28} Based on the foregoing, this court finds that there is no evidence that the trial court shifted the burden of proof to appellant on the issue of whether his failure to support was justified and, accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 29} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Pietrykowski and Singer, JJ., concur.