OPINION
{¶ 1} Kimberly[1], the mother of the four minor children with which this appeal is concerned, appeals from an order approving their adoption by their step-mother, Connie. *Page 2 
Kimberly contends that the trial court erred by finding: (1) that she failed, without justifiable cause, to communicate with the children for one year preceding the filing of the adoption petition; and (2) that it is in the best interests of the children to be adopted by their step-mother. We conclude that there is evidence in the record to support both findings. Furthermore, the trial court's finding that Kimberly failed, without justifiable cause, to support her children during the one-year period preceding the filing of the adoption petition, which she does not challenge on appeal, moots any error in the finding concerning her failure to communicate. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} A.L., M.L., D.L., and J.L. are the children of Kimberly and Brian. Until January, 2004, the children were living with Kimberly and Brian in a residence that Brian owned. Brian, a truck driver, did not then know that he was the father of the children.
 {¶ 3} In January, 2004, Kimberly was given a choice by Montgomery County Children's Services: she could either go with the children to a battered women's shelter at the YWCA, or the children would be removed from the home, without her. She chose to go with the children to live at the YWCA. Kimberly contends that the removal from the home came about because of allegations that Brian had abused the children; Brian denies this. In any event, it is clear that it was ultimately determined, in proceedings in Montgomery County, that any allegations that Brian had abused the children were not proven.
 {¶ 4} In late January, 2004, the children were removed from Kimberly's custody *Page 3 
and were placed in foster care.
 {¶ 5} At some point, Brian was determined to be the father of the children, and they were placed in his custody in February, 2005. Early in that month, Brian and Connie were married. Initially, Kimberly was entitled to, and enjoyed, unsupervised visitation with her children. After December 23, 2005, it was ordered that Kimberly's visitation with her children was to be supervised, at the Greene County Visitation Center. Brian testified that he went to the orientation sessions required by the Visitation Center, and paid the required fees. Both Brian and Connie testified that they did not do anything to frustrate, or to interfere with, Kimberly's visitation with her children at the Visitation Center.
 {¶ 6} Kimberly never exercised supervised visitation with her children at the Greene County Visitation Center. She testified that she resented the fact that she no longer was entitled to unsupervised visitation, and decided not to avail herself of the opportunity to have supervised visitation. She also testified that it was difficult for her to arrange transportation to the Center. (Kimberly suffers from epileptic seizures, and is therefore not able to drive.) As the trial court noted, Kimberly was able to arrange transportation to pick up her children and to drop them off when she enjoyed unsupervised visitation.
 {¶ 7} Kimberly acknowledged that she had not sent her children any cards or letters since her unsupervised visitation terminated in December, 2005. She testified that she tried, five times, to contact her children by telephone, but was unable to talk to them, and was told that she should not call. Brian and Connie denied having told Kimberly that she could not speak to her children by telephone. *Page 4 
 {¶ 8} After the children were removed from her custody, Kimberly provided no support for them, either in money or in kind. Once the children were placed with their father, there was no court order requiring Kimberly to pay any child support.
 {¶ 9} This petition to adopt the children was filed by Connie on February 15, 2007. The trial court bifurcated the issues of: (1) whether Kimberly's consent to the adoption was required; and (2) whether the adoption of the children by Connie was in their best interests. A hearing on the consent issue was held, and the trial court determined that Kimberly's consent to the adoption was not required, because she had failed, without justifiable cause, either to communicate with the children, or to provide support for them, during the one year preceding the filing of the adoption petition.
 {¶ 10} Later, the trial court held a hearing on the issue of the best interests of the children. The trial court found that the adoption was in the best interests of the children, and entered an order approving the adoption. From this order, Kimberly appeals.
 II {¶ 11} Kimberly's First, Second, Third, and Fourth assignments of error are, in pertinent part, as follows:
 {¶ 12} "IT IS ERROR TO DETERMINE THAT THERE WAS NO SIGNIFICANT INTERFERENCE BY CUSTODIAL FATHER WITH COMMUNICATION BETWEEN NON-CUSTODIAL MOTHER AND CHILDREN:. . . .
 {¶ 13} "IT IS ERROR TO DETERMINE THAT THERE WAS NO SIGNIFICANT DISCOURAGEMENT BY CUSTODIAL FATHER OF COMMUNICATION BETWEEN NON-CUSTODIAL MOTHER AND CHILDREN:. . . . *Page 5 
 {¶ 14} "IT IS ERROR TO FIND A COMPLETE ABSENCE OF COMMUNICATION BETWEEN NON-CUSTODIAL MOTHER AND HER FOUR CHILDREN FOR FOURTEEN MONTHS WHERE MIDWAY IN THAT PERIOD THE MOTHER HAS ASKED THAT THE CASE IN MONTGOMERY COUNTY JUVENILE COURT WHICH CONTINUED OPEN THROUGH THE EARLY MONTHS OF THE PERIOD BE TRANSFERRED TO GREENE COUNTY WHERE THE CHILDREN RESIDE AND WHERE NON-CUSTODIAL MOTHER SUBMITTED A PRO SE MOTION FOR UNSUPERVISED VISITATION, WITH A HEARING CONDUCTED (THEN CONTINUED) IN THE TENTH MONTH OF THE FOURTEENTH [sic] MONTH PERIOD.
 {¶ 15} "IT IS ERROR TO FIND THAT THE PARTY STEPMOTHER PETITIONING FOR ADOPTION HAS PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT THE NATURAL MOTHER FAILED TO COMMUNICATE FOR A FOURTEEN MONTH PERIOD AND THAT THERE WAS NO JUSTIFIABLE CAUSE WHERE THE EVIDENCE SHOWED THAT PETITIONER WAS ROUTINELY REFERRED TO AS MOMMY OR MOTHER BY THE CHILDREN AND THAT THE OLDER CHILDREN ENFORCED THIS USAGE EVEN IN THE PRESENCE OF THE NATURAL MOTHER DURING VISITS BY CORRECTING THE LITTLE ONES WHO CALLED THEIR (NATURAL) MOMMY `MOMMY' AND WHERE SUCH DELIBERATE DEFACTO MANIPULATION BY PETITIONER CREATED SUCH PAIN IN THE LITTLE ONES THAT NATURAL MOTHER ABSTAINED FROM BRIEF VISITS SO AS NOT TO CAUSE REPEATED PAIN TO HER CHILDREN."
 {¶ 16} There are two preliminary issues raised by Connie that must be addressed. First, she contends that it is too late for Kimberly to appeal from the order determining *Page 6 
that her consent to the adoption is not required, because she did not appeal from that order within thirty days of the entry of the order.
 {¶ 17} App. R. 4(B)(v) provides as follows:
 {¶ 18} "Partial final judgment or order. If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ. R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. . . ."
 {¶ 19} The trial court's order determining that Kimberly's consent to the adoption was not necessary was not entered under Civ. R. 54(B), nor could it have been, since there is but one claim for relief in Connie's petition for adoption. The trial court's order determining that Kimberly's consent was not necessary did not dispose of the claim for relief. It was immediately appealable. In re Adoption of Greer (1994),70 Ohio St.3d 293. Nevertheless, by virtue of App. R. 4(B)(v), Kimberly had the option of either immediately appealing from that order, or waiting until the trial court disposed of the petition for adoption before appealing. She chose the latter course, which is permitted by the Rule.
 {¶ 20} The second preliminary issue raised by Connie is that Kimberly's challenges to the trial court's finding that she had failed, without justifiable cause, to communicate with the children during the one-year period preceding the filing of the petition are moot in view of the finding, not challenged on appeal, that she failed, without justifiable cause, to support the children during the same one-year period. We agree. A petitioner is not required to prove both a failure on the part of the natural parent to *Page 7 
communicate with the child, without justifiable cause, for one year preceding the petition and a failure to support the child, without justifiable cause, during the same period. Proof of either circumstance is sufficient. In re Adoption of McDermitt (1980), 63 Ohio St. 2d 301,304.
 {¶ 21} In this case, the trial court made both findings. Kimberly asserts no error with regard to the trial court's finding that she failed, without justifiable cause, to support her children during the one year preceding the adoption petition. Therefore, Kimberly's First, Second, Third, and Fourth assignments of error are moot.
 {¶ 22} Even if we were to consider these assignments of error on the merits, we would overrule them. The trial court found that Kimberly had the opportunity to exercise supervised visitation with her children during the one-year period preceding the filing of the adoption petition, but chose not to do so, because she was upset that she was no longer entitled to enjoy unsupervised visitation with her children. The trial court further found that her failure to exercise the supervised visitation that was available to her was without justifiable cause. There is evidence in the record to support these findings.
 {¶ 23} It is true that at one point the children began referring to Connie as their real mother. Connie testified that when this was first proposed, she suggested that it was a bad idea, but relented when the children told her, "we've never had a real mommy, you're the first mommy we've ever had." We conclude that there is evidence in the record to support the trial court's finding that Kimberly's admitted failure to communicate with her children during the one-year period preceding the filing of the adoption petition was without justifiable cause.
 {¶ 24} Kimberly's First, Second, Third, and Fourth assignments of error are *Page 8 
overruled.
 III {¶ 25} Kimberly's Fifth Assignment of Error is as follows:
 {¶ 26} "IT IS ERROR TO FIND THAT `THE EMOTIONAL NEEDS OF THE CHILDREN HAVE BEEN MET IN THE [FATHER'S] HOUSEHOLD' WHERE THE EVIDENCE IS UNCONTROVERTED THAT THE ABUSE OF THEIR MOTHER AND OF AT LEAST SOME OF THEM BY THEIR FATHER ENDED JUST A FEW YEARS PRIOR, WHERE THE CHILDREN HAVE BEEN FALSELY CALLING THEIR STEPMOTHER MOMMY AND DISCOURAGED FROM PROPERLY ADDRESSING THEIR REAL MOTHER AS RECENTLY AS FOURTEEN (14) MONTHS BEFORE THE APPLICATION FOR ADOPTION, AND THE MOTHER'S MOTHERHOOD IS CURRENTLY BEING DENIED IN VARIOUS WAYS INCLUDING AN ATTEMPT TO USE THE PROBATE COURT TO ERASE ALL LEGAL RECORD OF THE MOTHER'S MOTHERHOOD."
 {¶ 27} In deciding that it is in the best interests of the children that they be adopted by Connie, the trial court made the following finding of fact:
 {¶ 28} "The court finds by clear and convincing evidence that the very healthy, positive relationship between Connie and the four minor children herein, differs significantly from the sporadic and strained relationship that exists between the natural mother and her children. It is in the best interests of the children to grant the petitions for adoption."
 {¶ 29} We have reviewed the entire transcripts of both the consent hearing and the best-interests hearing. The testimony offered by both parties is substantially in *Page 9 
conflict. Although Kimberly claimed that Brian had abused both her and the children, he denied this. There was some evidence that Kimberly abused the children, although she denied having done so.
 {¶ 30} The trial court could find, as it evidently did, that the witnesses who testified on behalf of Connie, including both Connie, herself, and Brian, as well as other witnesses, were more credible than Kimberly. We conclude that there is evidence in the record to support the trial court's finding, by clear and convincing evidence, that the granting of the adoption would be in the best interests of the children.
 {¶ 31} Kimberly's Fifth Assignment of Error is overruled.
 IV {¶ 32} All of Kimberly's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
[1] First names of the parents involved in this appeal have been used to protect the identity of the children. *Page 1