OPINION *Page 2 
{¶ 1} Appellant Marci R. Leisure ("Marci") appeals from the November 18, 2008 Journal Entry and Order of the Court of Common Pleas, Hancock County, Ohio, Probate Division, allowing Petitioner-Appellee Kristina K. Harris ("Kristina") to adopt Kelsey Ann Delong ("Kelsey") without Marci's consent.
 {¶ 2} Kelsey is the biological child of Marci and Chad Harris ("Chad"), born on April 9, 2004. Marci and Chad were never married. However, on July 16, 2005 Chad married Kristina. On August 14, 2008 Kristina filed a petition to adopt Kelsey.
 {¶ 3} A hearing was held on the matter on November 14, 2008. The probate court issued its order on November 18, 2008 and found that Marci's consent was not necessary for the adoption to proceed due to Marci's failure to communicate with Kelsey for a twelve month period without justifiable cause.
 {¶ 4} Marci now appeals asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT NEEDED TO SHOW MORE THAN FACIALLY JUSTIFIED CAUSE FOR HER NON-COMMUNICATION AND THE TRIAL COURT ERRED THAT THE APPELLEE DID NOT HAVE TO PROVE THE LACK OF JUSTIFIED CAUSE BY CLEAR AND CONVINCING EVIDENCE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT'S DECISION TO FIND THAT THE APPELLANT DID NOT HAVE "JUSTIFIED CAUSE" IN FAILING TO COMMUNICATE WITH THE CHILD IS *Page 3 AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 5} For ease of discussion we will address Marci's assignments of error together, as they are substantially interrelated. Marci argues that the probate court erred in finding that she needed to show more than facially valid cause for her non-communication with Kelsey. Second, she argues that the probate court applied the wrong standard in determining whether Kristina had proven a lack of justified cause. Finally, Marci argues that the probate court's determination was against the manifest weight of the evidence.
 {¶ 6} Revised code section 3107.07 governs when the consent of a parent is not required for an adoption to take place, and provides in pertinent part as follows:
Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 {¶ 7} "Pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption without that parent's consent only if there is a complete absence of communication *Page 4 
for the statutorily defined one-year period." In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 481 N.E.2d 613, at paragraph two of syllabus.
 {¶ 8} The consent provision of R.C. 3107.07(A) is to be strictly construed to protect the interests of the non-consenting parent. SeeIn re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127, 132,585 N.E.2d 418 citing In re Adoption of Holcomb, 18 Ohio St.3d 361. Therefore, the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. In re Adoption ofHolcomb, 18 Ohio St.3d at 368.
 {¶ 9} The question of whether such an allegation has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In reAdoption of Masa (1986), 23 Ohio St.3d 163, 166, 492 N.E.2d 140, citingIn re Adoption of McDermitt (1980), 63 Ohio St.2d 301, 306,408 N.E.2d 680. See also, In re Suvak, 3rd Dist. No. 1-03-51, 2004-Ohio-536. A judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. *Page 5 
 {¶ 10} "Clear and convincing evidence is that which will produce in the trier of fact `a firm belief or conviction as to the facts sought to be established.'" In re Hammons, 3rd Dist. Nos. 4-08-04, 4-08-05, 4-08-06, 2008-Ohio-3598 citing In re A.B. 9th Dist. No. 22438,2005-Ohio-1273 at ¶ 9; see also In re Adoption of Holcomb,18 Ohio St.3d 361, 368, quoting Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118 at paragraph three of the syllabus.
 {¶ 11} "Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child." In re Adoption of Holcomb,18 Ohio St.3d 361, at paragraph three of syllabus. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence.Id. We are mindful that, in making the justifiable cause determination, the probate court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony. In re Adoption of Holcomb, 18 Ohio St.3d at 367.
 {¶ 12} In the present case, the November 18, 2008 Journal Entry and Order of the probate court provided, in pertinent part, as follows:
 The parties stipulated that there had in fact been no contact or attempted contact between the biological Mother and the child *Page 6 in the twelve month period prior to the filing of the Petition. The parties further narrowed the issue down to whether or not said lack of communication was justifiable.
 ***
 Based upon the stipulations of the parties and the evidence as presented, the Court makes the following findings:
 1. That the biological Mother, Marci R. DeLong Leisure, had no communication with the child, Kelsey Ann Delong, for the twelve month period prior to the filing of the Petition herein;
 2. That Marci R. Delong Leisure made no attempt to contact the child or have communication with her during the relevant twelve month period;
 3. That said failure of communication with the child was without justifiable cause;
 4. Petitioner, Kristina K. Harris, has sustained her burden of proof by clear and convincing evidence.
 5. The consent of the biological Mother, Marci R. DeLong Leisure, is not necessary.
 {¶ 13} The parties agree that the only issue before the probate court was whether Marci's non-communication with Kelsey was justifiable. Moreover, at the hearing on November 14, 2008 the parties stipulated that "there was no contact between August 14th, 2007, and August 14th, 2008." (Tr.p. 5-6).
 {¶ 14} It appears that Marci agreed to a phased in visitation schedule in early 2006, with the visits to occur in the Harris' home. Kristina testified that Marci had visited Kelsey in the Harris' home several times. Kristina stated that *Page 7 
Marci was respectful during these visits, but that Kelsey would want to be with Chad and Kristina instead of Marci. Further, Marci did not show up for all of the scheduled visits. During one of the final visits, Marci only stayed for 36 minutes and stated that she would not return if Kelsey was mean to her.
 {¶ 15} Marci testified that sometime during 2006, she decided that she did not like the terms of the visitation schedule. Therefore, Marci stated that she did not try to have any visitation. Although Marci had agreed to the terms of the visitation, she stated that she did not feel comfortable in Chad and Kristina's home. Marci also testified that she felt uncomfortable because Kelsey would leave the room to be with Kristina while Marci was present; and that Kristina would tell Kelsey "Go play with Marci. Leave mommy alone right now." (Tr.p. 42).
 {¶ 16} In December 2006 Kelsey was at Marci's mother's home for Christmas. Apparently, when Chad let Kelsey go, he did not realize Marci would be there. When Chad found out Marci was there, he told Marci's mother, Lisa Graber ("Lisa") that Lisa could not see Kelsey anymore. However, Chad testified that he never told Lisa that she could not see Kelsey anymore.
 {¶ 17} From the time the phased in visitation was agreed to, Marci had not attempted to petition the court to change her visitation. Marci also has not attempted to contact Kelsey, or Chad and Kristina to discuss visitation. Marci stated that Chad never told her she could not visit Kelsey. *Page 8 
 {¶ 18} At the end of the hearing the probate court stated:
 I would just say as the trier of fact, I was impressed by the Petitioner and her husband's testimony. I — found them to be credible witnesses. And I think the question is, you know, again, assuming everything mother said, you know, is true, I can understand that she may have very well have felt there may have been some discomfort in visiting with the, you know, the home of the petitioners. But that's the way the Court set up the visitations.
 Um, I can't see anything the Court would find that Petitioner or her husband did anything actively to discourage the — the visitations from the biological mother. And just because she might have felt a little discomfort in going to the residence, I don't find that is, in fact, justifiable cause.
 I'm also impressed by the fact that, apparently, there was no attempt made during the crucial period of time to try to alter the visitation schedule. That was, certainly, something always available to her to, you know, to seek a variation of that visitation.
 As so the Court would find that, in fact, that, uhm, there was no contact during the relevant period of time, and that, uhm, there was no, uhm, lack — lack of an excuse. It was not for justifiable cause.
(Tr.p. 47-48).
 {¶ 19} We find that, in the present case, the probate court properly applied the clear and convincing evidence standard, finding that Kristina had proven by clear and convincing evidence that the failure to communicate was without justifiable cause. Moreover, we agree with this determination and find that it is *Page 9 
supported by the manifest weight of the evidence. Accordingly, Marci's first and second assignments of error are overruled.
 {¶ 20} Based on the foregoing, the November 18, 2008 Journal Entry and Order of the Court of Common Pleas, Hancock County, Ohio, Probate Division is affirmed.
Judgment Affirmed
 PRESTON, P.J. and WILLAMOWSKI, J., concur. *Page 1