OPINION
{¶ 1} Appellant Jeannie Starr ("mother") appeals the April 20, 2005 Findings of Fact and Conclusions of Law and the May 2, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated mother's parental rights and responsibilities in regards to her minor daughter, Bre'ana Summerfield.[1] Appellee is the Stark County Department of Job and Family Services ("the department").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 14, 2003, the department filed a Complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Bre'ana Summerfield (D.O.B. 3/26/03) was a dependant child, and seeking protective supervision. The Complaint was based upon the department's long history of involvement with the family which commenced in June, 1995, and resulted in mother's losing permanent custody of her son, Zachery Griffin, in October, 1997. Subsequently, mother lost permanent custody of two additional children in January, 1999, and September, 2000.
 {¶ 3} Via Shelter Care/Pre-Disposition Judgment Entry filed August 18, 2003, the trial court placed Bre'ana in the custody of mother with protective supervision from the department. The trial court also ordered Edward Summerfield to have no contact with the girl. On November 3, 2003, the trial court found Bre'ana to be a dependant child and continued protective supervision with the department. The trial court approved a case plan for mother which required her to establish paternity; undergo a psychological evaluation and follow-up; attend Parents Anonymous at Goodwill Parenting; complete an evaluation at Quest with submission of urine samples on a regular basis; obtain clean and safe housing; and cooperate with Community Collaborative. The department filed a Motion to Extend Protective Supervision on June 9, 2004. The trial court conducted a hearing on the motion of July 13, 2004. On the day of the hearing, Edward Summerfield tested positive for cocaine, which resulted in the trial court placing Bre'ana in the temporary custody of the department.
 {¶ 4} On January 13, 2005, the department filed a Motion for Permanent Custody based upon mother's repeated and continuous failure to remedy the problems which led to the initial removal of Bre'ana. Despite Edward Summerfield's significant substance abuse issues, mother maintained a relationship with him and resided with him until several days before the filing of the motion for permanent custody.
 {¶ 5} The matter came on for hearing on March 10, 2005. The following evidence was advanced.
 {¶ 6} Monica Kress, an ongoing family service worker with the department, testified she received the case in September, 2004, after the previous worker left the department. Kress met with mother at a visitation, and reviewed the case plan objectives with her. Kress testified mother had previously lost permanent custody of three other children. She noted mother's decision making relative to parenting as well as her subjecting her children to at risk individuals had not been mitigated. On cross-examination, Kress acknowledged mother had met the majority of her case plan goals with respect to parenting. Kress noted mother failed to complete her part of the testing for the establishment of paternity. Kress further stated mother underwent an evaluation at Quest, and submitted thirty-three urine drops of which only one came back positive. The positive drop coincided with mother's being prescribed Vicodin after she had teeth pulled. With respect to mother's housing, Kress stated the home was in a better state of care during her first visit, which had been pre-arranged. Kress visited the home unannounced on two separate occasions and found the house was not in as good of care. Kress was specifically concerned with the cleanliness of the bathroom, the existence of shards of glass at the front door, the use of the oven to heat the residence, and the large accumulation of trash and beer bottles. Although on paper mother had completed her case plan, Kress did not believe mother had made any internal changes.
 {¶ 7} Mother testified as if on cross-examination. She recounted numerous incidences of abuse at the hands of Edward Summerfield throughout the course of their relationship, including Summerfield's threatening to kill her. Mother acknowledged Summerfield did not leave her house until January, 2005.
 {¶ 8} Dr. Gina Crawford, a psychologist with Northeast Ohio Behavioral Health, testified mother was referred to her after completing a parenting evaluation. Crawford identified one of the barriers to mother's treatment plan was her being in abusive relationships. Mother informed Crawford she was afraid to leave Summerfield because she feared he would hurt her. As late as December 21, 2004, Crawford noted mother resisted exploring the reasons she allowed Summerfield to remain in her home.
 {¶ 9} Following the presentation of evidence, the trial court instructed the parties to submit proposed judgment entries. Via Findings of Fact and Conclusions of Law filed April 20, 2005, the trial court found mother's severe and chronic mental illness and emotional illness made her unable to provide an adequate permanent home for the child at the present time and in the foreseeable future. The trial court concluded Bre'ana could not and/or should not be placed with mother at this time or in the foreseeable future. The trial court conducted a hearing to determine the best interest of Bre'ana on May 2, 2005. Via Findings of Fact filed May 2, 2005, the trial court found it was in Bre'ana's best interest to place her in the permanent custody of the department. Via judgment entry filed May 2, 2005, the trial court terminated mother's rights and responsibilities in regard to Bre'ana and granted permanent custody of the child to the department.
 {¶ 10} It is from the April 20, 2005 Findings of Fact and Conclusions of Law, and the May 2, 2005 Judgment Entry mother appeals, raising as her sole assignment of error:
 {¶ 11} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 12} This appeal is expedited and is being considered pursuant to App. R. 11.2(C).
 I {¶ 13} In her sole assignment of error, mother contends the trial court's finding Bre'ana could not or should not be placed with mother in a reasonable period of time was against the manifest weight and sufficiency of the evidence.
 {¶ 14} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
 {¶ 15} R.C. 2151.414(B)(1), which addresses under what circumstances a trial court may grant permanent custody, provides:
 {¶ 16} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 17} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} "(b) The child is abandoned.
 {¶ 19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 21} In the instant case, the trial court found the child could not or should not be placed with mother at this time or within a reasonable period of time. R.C. 2151.414(E) sets forth sixteen factors a trial court may consider as grounds for finding a child cannot or should not be placed with either parent within a reasonable time period. The court specifically found R.C. 2151.414(E)(2) applicable. This factor mandates a trial court to enter a finding the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if the following exists: "Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code."
 {¶ 22} The trial court found the department made reasonable efforts to remediate the concerns which caused the original removal of the minor child from mother's home. The trial court found mother had not completed her case plan, and despite marginal compliance with some aspects of the case plan, the exact problems which led to the initial removal remained in existence. As set forth supra, Kress and Crawford acknowledged mother's continued relationship with Edward Summerfield prevented her from providing Bre'Ana with a proper environment. By continuing the relationship, mother placed her needs above Bre'Ana's needs, and subjected the child to "at-risk" individuals.
 {¶ 23} Accordingly, we find the trial court's determination Bre'Ana could not and should not be placed with mother is not against the manifest weight or sufficiency of the evidence. Mother's sole assignment of error is overruled.
 {¶ 24} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, P.J. Wise, J., concurs.
Edwards, J., concurs separately
[1] Edward Summerfield, the putative father, is not a party to this appeal.