OPINION *Page 2 
{¶ 1} These are two appeals consolidated for purposes of the opinion. In Stark App. No. 2008-CA-0019, Sharon Pihlblad, the natural mother of the minor child Jeffery Pihlblad, is the appellant. In Stark App. No. 2008-CA-0020, the child's putative father, also named Jeffrey Pihlbad, is the appellant. Both mother and father appeal a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated their parental rights and gave permanent custody of the child to Stark County Department of Job and Family Services. In their separate appeals, each assigns two identical errors to the trial court:
 {¶ 2} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 3} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 4} R.C. 2151.414(E) sets out the factors a court should look to in determining whether the child cannot or should not be placed with either parent:
 {¶ 5} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside *Page 3 
the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 6} (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 7} (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 8} (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; *Page 4 
 {¶ 9} (5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
 {¶ 10} (6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 or under section 2903.16, 2903.21, 2903.34, 2905.01, 2905.02, 2905.03, 2905.04, 2905.05,2907.07, 2907.08, 2907.09, 2907.12, 2907.21, 2907.22, 2907.23, 2907.25,2907.31, 2907.32, 2907.321, 2907.322, 2907.323, 2911.01, 2911.02,2911.11, 2911.12, 2919.12, 2919.24, 2919.25, 2923.12, 2923.13, 2923.161,2925.02, or 3716.11 of the Revised Code and the child or a sibling of the child was a victim of the offense or the parent has been convicted of or pleaded guilty to an offense under section 2903.04 of the Revised Code, a sibling of the child was the victim of the offense, and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child.
 {¶ 11} (7) The parent has been convicted of or pleaded guilty to one of the following:
 {¶ 12} (a) An offense under section 2903.01, 2903.02, or 2903.03 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense was a sibling of the child or the victim was another child who lived in the parent's household at the time of the offense;
 {¶ 13} (b) An offense under section 2903.11, 2903.12, or 2903.13 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the *Page 5 
victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense;
 {¶ 14} (c) An offense under division (B)(2) of section 2919.22 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to the offense described in that section and the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense is the victim of the offense;
 {¶ 15} (d) An offense under section 2907.02, 2907.03, 2907.04,2907.05, or 2907.06 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense; (e) A conspiracy or attempt to commit, or complicity in committing, an offense described in division (E)(7)(a) or (d) of this section.
 {¶ 16} (8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
 {¶ 17} (9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was *Page 6 
journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 18} (10) The parent has abandoned the child.
 {¶ 19} (11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 20} (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 21} (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 22} (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 23} (15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 24} (16) Any other factor the court considers relevant."
 {¶ 25} The trial court made extensive findings of fact regarding whether the child could or should be placed with either Mother or Father within a reasonable time. The *Page 7 
court found they both failed to complete the reunification plan developed to address the conditions which caused the child to be placed in SJFS's custody. The court found Father had a prison record and at the time of the final hearing both parents had felony charges pending against them. Both parents had completed a psychological evaluation and a drug assessment but neither had completed all the recommended programs. Neither father nor mother had addressed the domestic violence issues, and father had not established paternity.
 {¶ 26} The court found the child had expressed a desire to stop the visits with his parents and to remain with the foster parents. The court found the child became calmer and made more progress with counseling after the visits stopped.
 {¶ 27} Both parents assert the court's finding the child cannot and should not be placed with either within a reasonable time is against the manifest weight and sufficiency of the evidence. Mother argues there was no evidence presented she could not complete her case plan within six months. She testified she would do anything for him and visited the child regularly until SJFS stopped the visits.
 {¶ 28} Father also argues there was no evidence presented he could not complete his case plan within six months. He testified he believed he had fully complied with all the requirements.
 {¶ 29} It is well recognized that the right to raise a child is an "essential" and "basic" civil right. In re: Hayes (1997)79 Ohio St.3d 46, 48, citations deleted. The parent's right to raise his or her child has been deemed "paramount." In re: Perales (1977), 52 Ohio St. 2d 89,97, 6 O.O. 3d 293, 297, 369 N.E. 2d 1047, 1051-1052. *Page 8 
 {¶ 30} SJFS has the burden of proving by clear and convincing evidence that parental rights should be terminated, see R.C. 2151.414. The Supreme Court defined the term "clear and convincing evidence" inCross v. Ledford (1954), 161 Ohio St. 469, 477 as the degree of proof which will produce in the trier of fact's mind a firm belief or conviction as to the allegations sought to be established. It is more than a preponderance of evidence, but not to as high a standard as the criminal standard of beyond a reasonable doubt.
 {¶ 31} The trial court makes the determination whether the facts have been proven by clear and convincing evidence and its judgment will not be disturbed on appeal unless it is against the manifest weight of the evidence. In re: Adoption of McDermitt (1980), 63 Ohio St. 2d 301, 306. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St. 2d 279, 280.
 {¶ 32} In the case of In re: Summerfield, Stark App. No. 2005CA00139,2005-Ohio-5523, this court found where, despite marginal compliance with some aspects of the case plan, the exact problems which led to the initial removal remained in existence, a court does not err in finding the child cannot be placed with the parent within a reasonable time.
 {¶ 33} We have reviewed the record and we find the trial court's determination the child cannot or should not be placed with either parent within a reasonable time is supported by the weight and sufficiency of clear and convincing evidence.
 {¶ 34} Both parents' first assignments of error are overruled. *Page 9 
 II {¶ 35} Each parent's second assignment of error challenges the court's finding a grant of permanent custody to SJFS is in the best interest of the child.
 {¶ 36} R.C.2151.414 sets out the factors a court should consider in determining the best interest of a child. The factors include, but are not limited to:
 {¶ 37} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 38} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 39} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 40} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 41} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 42} The trial court made findings of fact regarding the child's best interest. It found the child is bonded with the parents but that bond is strained and he does not want to return to his parents' home. The child has bonded with the foster family and it is *Page 10 
interested in adopting him. The court found "He loves his parents. He wants them to get better, but he does not want to live with them." Best Interest Finding of Fact 4.
 {¶ 43} We find the court's determination it is the best interest of this child to terminate both parents' parental rights and award permanent custody to SJFS so he can be adopted is supported by clear and convincing evidence.
 {¶ 44} Both parents' second assignments of error are overruled.
 {¶ 45} For the foregoing reasons the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
 Gwin, P.J., Edwards, J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
CASE NO. 2008CA0019
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 12 
 JUDGMENT ENTRY
CASE NO. 2008CA0020
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1