**[Cite as *In re Adoption of A.H.*, 2013-Ohio-1600.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: ADOPTION OF A.H. AND M.H.

C.A. No.    12CA010312

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    2011AD00057
2011AD00058

DECISION AND JOURNAL ENTRY

Dated: April 22, 2013

MOORE, Presiding Judge.

{¶1}    Appellant, April S. ("Mother"), appeals from a decision of the Lorain County Court of Common Pleas, Probate Division, holding that her consent is not necessary to the adoption of two of her minor children by their paternal grandparents.  This Court affirms.

I.

{¶2}    Mother is the natural mother of A.H., born January 18, 2003, and M.H., born January 4, 2005, and a younger child who is not at issue in this case.  The father of A.H. and M.H. participated in the proceedings below but is not a party to this appeal.

{¶3}    On December 28, 2005, because their parents were not able to care for A.H. and M.H., the Lorain County Juvenile Court placed them in the legal custody of Jeanette H., their

paternal grandmother ("Grandmother").[1] The children have lived with Grandmother ever since that time, in the home that she shares with her husband, James H.

{¶4} On September 12, 2011, Grandmother and her husband filed petitions to adopt the two minor children. They alleged in the petitions that the parents' consent to adoption was not required because they had "failed without justifiable cause" to maintain de minimus contact with the children and/or to pay court-ordered support for at least one year preceding the filing of the petition. *See* R.C. 3107.07(A).

{¶5} Mother filed written objections to the adoption petitions, asserting that her failure to maintain contact with her children had been justified because Grandmother had prevented her from contacting the children. She further asserted that she had been unable to pay support because a medical condition prevented her from working.

{¶6} The matter proceeded to a hearing before a magistrate on the issue of whether the parents had, without justifiable cause, failed to maintain contact with or support their children for at least the one-year look-back period set forth in R.C. 3107.07(A). After a hearing at which Grandmother and Mother testified, the magistrate found that the parents' consent to the adoption was not necessary. Specifically pertaining to Mother, he found that she had failed, without justification, to maintain more than de minimus contact with the children or to provide them with financial support for the entire year preceding the filing of the petition.

{¶7} Mother filed timely objections to the magistrate's decision, arguing that her failures to have contact and provide support had been justified and that the grandparents failed to

---

[1] The judgment entry in this case mistakenly refers to the 2005 legal custody disposition as "permanent custody."

prove otherwise. The trial court overruled her objections and ordered that Mother's consent to the adoption was not necessary. Mother appeals and raises one assignment of error.

II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED ERROR BECAUSE THE RECORD SHOWS CLEARLY THAT THE PETITIONER DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT [MOTHER] WAS WITHOUT JUSTIFIABLE CAUSE IN FAILING TO PROVIDE MAINTENANCE AND SUPPORT AND *DE MINIMUS* CONTACT WITH HER CHILDREN.

{¶8} Mother's assignment of error is that the trial court erred in concluding that the grandparents had met their evidentiary burden to prove that her failure to maintain contact with her children and/or provide them with financial support had been without justifiable cause. R.C. 3107.07(A) provides that a parent's consent to adoption is not required if it is alleged in the adoption petition and the court finds by clear and convincing evidence that:

the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶9} Because R.C. 3107.07(A) is written in the disjunctive, either a failure to communicate or a failure to provide support for the one-year time period is sufficient to obviate the need for a parent's consent. *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 304 (1980). Although the trial court found that the grandparents had proven both that Mother had failed to support the children and that she had failed to have more than de minimus contact with them, this Court must affirm the trial court's decision if either one of those findings was supported by clear and convincing evidence. We will begin by reviewing the trial court's finding that Mother

failed, without justifiable cause, to provide the children with maintenance and support during the relevant one-year period.

{¶10} Mother does not dispute that, despite an ongoing court order that she pay monthly child support for her children, she had not provided them with any financial support for several years, including the entire year prior to the filing of the petition. She argues, however, that her failure to pay child support was justified because she suffers from a chronic mental illness, which has prevented her from being able to work. After hearing the evidence, however, the magistrate and the trial court agreed that Mother's failure to provide financial support for her children had been without justification.

{¶11} Although Mother asks this Court to review the trial court's findings de novo, that is not the appropriate standard of review. This Court will not reverse the probate court's findings that Mother lacked justifiable cause for her failure to support her children unless that finding was against the manifest weight of the evidence. *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012-Ohio-236, paragraph two of the syllabus; *In re Adoption of Masa,* 23 Ohio St.3d 163, 166 (1983), citing *McDermitt*, 63 Ohio St.2d at 306.

{¶12} The petitioner has the initial burden of establishing, by clear and convincing evidence, that the parent has failed to support and/or have contact with the children for at least the requisite one-year period. *See In re Adoption of Bovett*, 33 Ohio St.3d 102 (1987), paragraph one of the syllabus. Mother does not dispute that the grandparents met their initial burden to establish her failure to pay support throughout the relevant one-year period. Given that the grandparents established Mother's failure to pay support, although the ultimate burden of proof remained with them, "the burden of going forward with the evidence" shifted to Mother to "show some facially justifiable cause for such failure." *Id.* at paragraph two of the syllabus.

{¶13} Despite Mother's argument to the contrary, the grandparents were not required to prove the absence of a justifiable cause for her failure to support her children, however, unless she first met her burden of going forward with evidence of a facially justifiable cause. *Id.* As the Court emphasized in *Bovett*, the adopting parent has no burden of proving a negative. "'If the natural parent does not appear to go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard.'" *Id.* at 104, quoting *Masa*, at 167.

{¶14} Therefore, we must first review the evidence to determine whether Mother carried her burden of going forward with evidence "to show some facially justifiable cause for such failure." Mother testified simply that she could not work because of her ongoing mental illness. Her only documentary evidence pertaining to the relevant one-year period was a brief letter from a psychiatrist, dated October 2010, which indicated that Mother suffered from ongoing mental illness and "is unable to work[.]" The letter did not reference the relevant statutory timeframe of the one year prior to the filing. Even if we assume that this evidence established that Mother was unable to work throughout the relevant one-year period, her lack of employment income did not, in and of itself, establish a facially justifiable cause for her failure to pay child support.

{¶15} It is the parent's overall "ability to pay [that] is a key factor in determining whether there is justifiable cause for failure to support a child." *See Masa*, 23 Ohio St.3d at 167. To determine whether the parent is financially capable of paying support requires an examination of the amount of her income from all sources, the amount of the support order, and her entire financial situation including the types and amounts of her other financial obligations. *See, e.g.*, *In re Adoption of A.M.W.*, 9th Dist. Nos. 07CA0062-M and 07CA0063-M, 2008-Ohio-1456, ¶ 12-15; *In re Adoption of Way,* 4th Dist. No. 01 CA23, 2002-Ohio-117, *5.

{¶16} In this case, Mother testified that she had no ability to pay child support, but she offered no evidence about her financial situation during the relevant time period. Although she testified that she received no income from employment, the letter she presented from her psychiatrist stated that Mother received public assistance and food stamps, but it did not state a dollar amount. Moreover, Mother further testified that, two months before Grandmother filed the adoption petition, her child support order for A.H. and M.H. was modified to reduce her monthly obligation from over $600 to $355 per month. The court's order to reduce the monthly support award to $355, rather than to eliminate Mother's support obligation altogether, was evidence from which the probate court could infer that Mother had the ability to pay that amount of child support at that time. *In re Adoption of Dervenis*, 10th Dist. No. 95APF07-869, 1995 WL 765213, *5 (Dec. 28, 1995); *compare In re Adoption of S.L.N.*, 4th Dist. No. 07CA3189, 2008-Ohio-2996, ¶ 29 (concluding that a court order relieving the mother of her child support obligation provided evidence of her inability to pay).

{¶17} The limited evidence presented by Mother about her ability to pay child support did not demonstrate a facial justification for her failure to pay. Because Mother did not meet her burden of going forward, the burden did not shift back to the grandparents to prove that her failure to pay was not justified. Therefore, the trial court's finding on this issue was not against the manifest weight of the evidence.

{¶18} Mother's failure to provide any financial support for her children from September 2011 through September 2012, without justification, supported the trial court's finding under R.C. 3107.07(A) that her consent to the adoption of A.H. and M.H. was not necessary. Consequently, we need not address whether the evidence supported the trial court's alternate

finding that Mother's lack of contact with the children also had been without justification. Mother's assignment of error is overruled.

### III.

{¶19} Mother's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DAVID M. LYNCH, Attorney at Law, for Appellant.

JAMES A. DEERY, Attorneys at Law, for Appellees.