[Cite as *In re Adoption of B.A.A.*, 2017-Ohio-8137.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: ADOPTION OF B.A.A.

C.A. No.    16AP0073

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2015 PB-A 001289

DECISION AND JOURNAL ENTRY

Dated: October 10, 2017

TEODOSIO, Judge.

{¶1}    Appellant, Dylan M. ("Father"), appeals from a judgment of the Wayne County Court of Common Pleas, Probate Division, that held that his consent was not necessary to the adoption of his minor child by the child's stepfather, Robert A. ("Stepfather"). Because Father had justifiable cause for his failure to have contact with his child, this Court reverses.

I.

{¶2}    The relevant facts in this case are not disputed. Father is the biological father of B.A.A., born August 11, 2011. Father was never married to the child's Mother, Trisha A. ("Mother"), but the two had an on and off romantic relationship for a few years. Their relationship ended during November 2012 and Mother and the child moved in with the maternal grandparents. During January 2013, after he had been told to stay away, Father came to the grandparents' home while Mother was there. Father was later convicted of criminal trespass.

{¶3} Based on the criminal trespass incident, Mother filed a petition for a civil stalking protection order during March 2013. Mother and the child were named as protected parties. The petition alleged that Mother had ended her relationship with Father and had told him to stay away from her, but that he continued "to call, text, [and] show up at her work and residence without permission." The petition also alleged that Father had mental health problems, but included no factual allegations about Father harming or threatening to harm Mother or that he posed any threat to the child. The trial court issued an ex parte, temporary protection order.

{¶4} On April 30, 2013, Mother and Father appeared before a magistrate for a hearing on the civil protection order. Mother was represented by counsel and Father appeared pro se. At the hearing, Father indicated that he agreed to the allegations in the petition and consented to the protection order. Therefore, the magistrate issued a five-year civil protection order. Father was not advised that agreeing to the protection order could undermine his long-term rights and responsibilities as the child's father.

{¶5} Father abided by the terms of the civil protection order and had no contact with Mother or his child. Mother married Stepfather on August 8, 2015. Two months later, Father filed a motion to modify the protection order so that he could have visitation with his child.

{¶6} On November 23, 2015, before a hearing or decision in the case involving Father's motion to modify the civil protection order, Stepfather commenced this action by filing a petition to adopt B.A.A. He attached Mother's signed consent to the adoption and alleged that Father's consent was not required because Father had failed without justifiable cause to either communicate with or financially support the child for at least one year immediately preceding the filing of the petition. *See* R.C. 3107.07(A).

{¶7} This case proceeded to a hearing on whether Father's consent to the adoption was required. At the hearing, Stepfather withdrew his allegations that Father had failed to support the child based on his counsel's review of the child support records. During testimony about Father's lack of contact with the child, Father's counsel stipulated that Father had not had any contact with B.A.A. during the one-year period immediately preceding the filing of the adoption petition. The parties also agreed about the basic facts underlying the civil stalking protection order.

{¶8} The consent hearing then focused solely on whether the civil stalking protection order provided justifiable cause for Father's lack of communication. At the conclusion of the hearing, the trial court asked the parties to submit briefs on the legal issue of whether the civil protection order constituted "justifiable cause" for Father's lack of contact with B.A.A. during the relevant one-year period.

{¶9} Ultimately, the trial court concluded that the civil stalking protection order did not constitute justifiable cause for Father's lack of contact with B.A.A. Therefore, it held that Father's consent to the adoption was not required under R.C. 3107.07(A). Father appeals and raises one assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT'S FINDING THAT [FATHER] FAILED TO COMMUNICATE WITH HIS CHILD FOR ONE YEAR WITHOUT JUSTIFIABLE CAUSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} Father's sole assignment of error is that the trial court erred in concluding that his consent to the adoption of B.A.A. was not required under R.C. 3107.07(A). R.C. 3107.06 generally requires the written consent of the natural parents of the minor children who are the subject of petitions to adopt. However, consent is not required under R.C. 3107.07(A), which

provides that a parent's consent to adoption is not required if the trial court finds by clear and convincing evidence that the parent has "failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor * * * for a period of at least one year immediately preceding * * * the filing of the adoption petition[.]"

{¶11} Although Stepfather's petition alleged that Father had failed to have contact with B.A.A. or support him, he withdrew his allegation of nonsupport at the consent hearing. At the hearing, no one disputed that Father had not had any contact with B.A.A. during the relevant one-year period. The sole dispute was whether Father's lack of contact was justified by the civil stalking protection order.

{¶12} The determination of whether a lack of contact is justifiable is typically a question of fact to be decided on a case-by-case basis. *In re Adoption of Bovett*, 33 Ohio St.3d 102 (1987), paragraphs three and four of the syllabus. In this case, however, the reason for Father's lack of contact was not disputed. No one disputed the basic facts surrounding the civil stalking protection order or that it prohibited Father from having any contact with Mother or B.A.A. during the relevant one-year period.

{¶13} Based on those undisputed facts, the trial court made a legal conclusion that the civil stalking protection order did not provide "justifiable cause" for Father's failure to communicate with B.A.A. during the relevant one-year period. The trial court interpreted the "justifiable cause" language of R.C. 3107.07 as a matter of law, which is subject to de novo review. *See In re Adoption of P.L.H.*, ___ Ohio St.3d ___, 2017-Ohio-5824, ¶ 23. *See also In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 26 (rejecting this Court's legal

conclusion that a gift card and birthday cash from a parent constitute "maintenance and support" under R.C. 3107.07(A).

{¶14} The Ohio Supreme Court has repeatedly emphasized that, in construing the language of R.C. 3107.07:

> Our analysis must begin with the recognition that the right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law. Adoption terminates those fundamental rights. For this reason, we have held that '* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.' (Citations omitted.)

*In re Adoption of Masa*, 23 Ohio St.3d 163, 165 (1986). *See also In re Adoption of P.L.H.*, 2017-Ohio-5824, at ¶ 23.

{¶15} The term "justifiable cause" is not defined in R.C. Chapter 3107. The term is also "imprecise and has been variously defined by the courts below." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 367 (1985). Nevertheless, the Supreme Court has always construed the term to involve the parent's ability to financially support or have contact with the child. *See, e.g., In re Adoption of Masa,* 23 Ohio St.3d 163, 167 (1986) (reversing trial court's finding of an unjustified failure to pay child support because it failed to consider the parent's "ability to pay [which] is a key factor" in making that determination.); *In re Adoption of Holcomb*, 18 Ohio St.3d at 367-368 (emphasizing that "*significant* interference by a custodial parent with communication between the non-custodial parent and the child, or *significant* discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child.").

{¶16} The trial court's conclusion that the civil stalking protection order did not constitute "justifiable cause" for Father's failure to have contact with B.A.A. relied solely on *In re Adoption of Corl*, 5th Dist. Licking No. 2004CA96, 2005-Ohio-736, ¶ 14, which involved a

domestic violence civil protection order that did not cover the entire one-year look back period. Moreover, the trial court did not cite to case law from this district, which has suggested that a court order prohibiting contact between parent and child may constitute justifiable cause under R.C. 3107.07(A) for the parent's lack of contact. *See In re M.F.*, 9th Dist. Summit No. 27166, 2014-Ohio-3801, ¶ 25; *In re Adoption of K.K.*, 9th Dist. Lorain Nos. 05CA008849, 05CA008850, 2006-Ohio-1488, ¶ 12.

{¶17} Narrowly construing the R.C. 3107.07(A) exception to the consent requirement as we are required to do, and applying it to the specific, undisputed facts of this case, this Court must conclude that the civil stalking protection order provided justifiable cause for Father's failure to have contact with B.A.A. during the relevant one-year period. As the Ohio Supreme Court emphasized in *Masa*, the term "justifiable cause" must encompass a parent's ability to fulfill parental obligations to his child and we "ought not ask the impossible as a condition of preserving fundamental parental rights[.]" *In re Adoption of Masa*, 23 Ohio St.3d at 167. Father abided by the terms of the civil protection order, as he was legally required to do. He later attempted to modify the protection order so he could reinitiate visitation with his child. Less than one month later, however, Stepfather filed a petition to initiate these adoption proceedings.

{¶18} Moreover, when Mother sought the protection order, she alleged only that Father was stalking her by continuing to call and text her and show up at her residence and workplace, despite being told not to. She did not allege that Father had harmed or threatened harm to her or the child. Father agreed to Mother's allegations and consented to a civil stalking protection order, but he was not represented by counsel and was not advised that his consent to the order could ultimately lead to the termination of his parental rights.

{¶19} Given the specific facts surrounding the civil stalking protection order at issue in this case, the trial court erred by concluding, as a matter of law, that it did not constitute "justifiable cause" for Father's failure to have contact with B.A.A. during the relevant one-year period under R.C. 3107.07(A). Father's assignment of error is sustained.

III.

{¶20} Father's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas, Probate Division, is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

NORMAN R. "BING" MILLER, JR., Attorney at Law, for Appellant.

TODD E. CHEEK, Attorney at Law, for Appellee.