[Cite as *In re Adoption of A.M.M.*, 2023-Ohio-7.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE:

THE ADOPTION OF A.M.M. & G.M.M.

C.A. No.     30386

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.     2021 AD 067
                      2021 AD 068

DECISION AND JOURNAL ENTRY

Dated: January 4, 2023

HENSAL, Presiding Judge.

{¶1}  Appellant-Respondent ("Mother") appeals the judgment of the Summit County Court of Common Pleas, Probate Division, that ordered that her consent is not required to proceed with consideration of the petition by Appellee-Petitioner ("Stepmother") to adopt Mother's two minor children.  This Court affirms.

I.

{¶2}  Mother and Father are the biological parents of A.M.M. (hereafter "A.M."), born May 9, 2010; and G.M.M. (hereafter "G.M."), born July 3, 2011.  The parents were married but finalized their divorce sometime in 2015.  Father was named as the children's legal custodian, while Mother was limited to supervised visitation at a private visitation center in Warren, Ohio.  Prior to the divorce, and continuing during all times relevant to this matter, Mother resided in Michigan.

{¶3} Father married C.M. ("Stepmother" or "Petitioner") in 2016. The children resided with Father and Stepmother since that time. On June 2, 2021, Stepmother filed a petition to adopt A.M. and G.M., and alleged that Mother's consent to the adoption was not required pursuant to statute. Specifically, Petitioner alleged that Mother had failed without justifiable cause both to have more than de minimis contact with the children and to provide support as required by judicial decree during the prior one-year lookback period pursuant to Revised Code Section 3107.07(A). Stepmother appended supporting documentation, including Father's consent to the adoption, to her petition.

{¶4} Mother was properly served with the petition and notice of hearing. She sought and obtained the probate court's permission to appear remotely as she was residing out of state. After an evidentiary hearing, the magistrate found that Petitioner had presented clear and convincing evidence to establish both alternative Section 3107.07(A) grounds. Accordingly, the magistrate found that Mother's consent to the adoption of the children by Stepmother was not required.

{¶5} Mother filed a timely objection to the magistrate's decision. She argued that Petitioner had failed to prove that Mother failed without justifiable cause to have more than de minimis contact with the children during the past year. Mother did not address the alternative statutory ground regarding failure to pay maintenance and support. Nevertheless, in overruling Mother's objection, the probate court found that Petitioner had demonstrated by clear and convincing evidence that Mother's consent to adoption was not required pursuant to either statutory ground. The probate court affirmed the magistrate's decision and ordered that Mother's consent to the adoption of A.M. and G.M. by Stepmother was not required. Mother filed a timely appeal and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE FINDINGS OF THE TRIAL COURT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶6}     Mother argues that the probate court's finding that her consent to the adoption of her children by Stepmother is against the manifest weight of the evidence.  Specifically, she argues that the evidence supports a finding that she was justified in not having more than de minimis contact with A.M. and G.M. during the year immediately prior to Stepmother's filing of her petition for adoption.

{¶7}     Generally, the biological parents of a child must consent to the child's adoption by another person.  R.C. 3107.06.  Revised Code Section 3107.07(A) provides exceptions to the parental consent requirement "when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition[.]"[1]

{¶8}     Mother does not challenge the probate court's alternative finding that her consent to adoption was not required because she failed without justifiable cause during the relevant one-year lookback period "to provide for the maintenance and support of the minor [children] as required by law or judicial decree[.]"  See R.C. 3107.07(A).  This Court has referenced the "explicit terms" of the statute and held that "'a petitioner wishing to adopt need only prove *either*

---

[1] Section 3107.07(A) provides an alternative one-year lookback period preceding "the placement of the minor in the home of the petitioner[,]" which provision is not relevant to this case.

that the natural parent failed to communicate *or* failed to provide maintenance and support.'" (Emphasis sic.) *In re Adoption of A.W.P.*, 9th Dist. Lorain No. 16CA011037, 2017-Ohio-5479, ¶ 14, quoting *In re Adoption of Jarvis*, 9th Dist. Summit No. 17761, 1996 WL 724748, *3 (Dec. 11, 1996), citing *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 304 (1980). The Ohio Supreme Court recently reiterated that the "disjunctive relationship of the contact and support provisions in [Section] 3107.07(A)" indicates that "a parent's failure to meet either provision is sufficient to nullify the need to obtain that parent's consent." *In re Adoption of A.K.*, 168 Ohio St.3d 225, 2022-Ohio-350, ¶ 17, citing *In re Adoption of A.H.*, 9th Dist. Lorain No. 12CA010312, 2013-Ohio-1600, ¶ 9.

{¶9} Mother does not challenge the probate court's finding that Petitioner presented clear and convincing evidence that Mother had failed without justifiable cause to provide for the maintenance and support of A.M. and G.M. during the relevant one-year lookback period. Accordingly, her challenge to the probate court's alternative statutory basis, even if successful, would not compel reversal of the trial court's judgment. Mother's assignment of error is overruled.

III.

{¶10} Mother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

CORINNE HOOVER SIX and JOSEPH A. BRUCE, Attorneys at Law, for Appellee.